UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 16-24134-DPG**

| | |
|---|---|
| DANI BANEGAS, JORGE HERNANDEZ, and other similarly situated individuals, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| MMPB GROUP, LLC d/b/a VILLA AZUR AND MICHAEL MARTIN, ANTOINE DELGADO, AND JEAN PHILIPPE BERNARD, | ) ) ) ) |
| Defendants. | ) ) ) |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
AND TO DISMISS WITH PREJUDICE**

Plaintiffs Dani Banegas and Defendants MMPB Group, LLC, Michael Martin, Antoine Delgado, and Jean Philippe Bernard (collectively referred to as the "Parties"), hereby file this Joint Motion to Approve Settlement Agreement and To Dismiss With Prejudice. The Parties state the following in support:

1. On September 27, 2016, Plaintiffs filed an action in this Court, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., against Defendants. Plaintiffs purport to bring a collective action, on behalf of themselves and all others similarly situated, claiming Defendants failed to pay them minimum wage and overtime premiums pursuant to the FLSA. [ECF No. 1].

2. Defendants dispute Plaintiffs' claim that there was any violation of the FLSA and state that Plaintiffs and all others similarly situated were properly compensated under the FLSA.

3. The Parties evaluated the claims, engaged in extensive discovery, and engaged in settlement discussions and negotiations to determine an agreeable settlement to the asserted claims.

4. The evaluations included the following: (a) the Parties exchanged pertinent pay and time records; (b) Plaintiffs were deposed; (c) Plaintiffs' counsel analyzed the information and documentation provided; (d) Plaintiffs' counsel calculated a proposed settlement based upon an in-depth analysis of time sheets and payroll records and exchanged information during discovery; (e) Defendants' counsel calculated a proposed settlement based upon an in-depth analysis of time sheets and payroll records, written discovery, and deposition testimony; and (e) the Parties engaged in settlement discussions relying, in part, upon their own independent calculations and information exchanged during this proceeding.

5. On November 28, 2017, without admitting fault or liability, the Parties amicably resolved all disputed claims in this matter (including attorneys' fees and costs) and entered into a confidential settlement agreement ("Settlement Agreement"). Because of the nature of Plaintiffs' claims, the Settlement Agreement requires Court approval in order to become effective.

6. In this regard, for a release and waiver of claims agreement to be considered effective under the FLSA, it needs to be approved by a Court or supervised by the U.S. Department of Labor. *See Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350,1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is

a fair and reasonable resolution of a bona fide dispute over FLSA provisions."). *See also Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir. 2009).

7. *Fairness of Terms of Settlement*: A bona fide dispute exists between Plaintiffs and Defendants in this case regarding whether Plaintiffs are entitled to damages under the FLSA. Plaintiffs contend that they were part of an invalid tip pool and therefore were not properly paid minimum wage and overtime during the relevant time period. Defendants disagree and contend that Plaintiffs were part of a valid tip pool and were properly paid for every hour worked. However, to avoid the risks and costs associated with further litigation, the Parties have agreed to resolve this dispute. Importantly, throughout the entirety of the resolution process, Plaintiffs were represented by competent counsel with experience in this area of the law. Defendants were also represented by experienced counsel throughout this process. The Parties request that the Court approve the Settlement Agreement as fair and reasonable in this case given the nature of the dispute, the legal issues involved, and the risks and costs associated with further litigation.

8. *Reasonableness of Attorneys' Fees and Costs:* A settlement value was reached in this case, which included and encompassed all claims and attorneys' fees and costs. The agreed upon amount of attorneys' fees and costs to Plaintiffs' counsel is for its representation of Plaintiffs through conclusion of the settlement, separate from and without regard to the amount paid to settle the FLSA claims for each Plaintiff. Counsel for the Parties represent that the exact amount of attorneys' fees and costs was negotiated separate and apart from the settlement amount to be given to Plaintiffs under the Settlement Agreement. Defendants and their counsel stipulate to the reasonableness of the lodestar amount of attorneys' fees and costs sought by Plaintiffs' counsel in this case. Plaintiffs' counsel submits that the amount of the settlement proceeds that it will receive under the terms of the Settlement Agreement will be applied to its

litigation costs and attorneys' fees. Accordingly, the Parties respectfully request that the Court approve the payment of the agreed upon amount for attorneys' fees and cost set forth in the Settlement Agreement to Plaintiffs' counsel.

9. The Parties have agreed to keep the specific terms and conditions of the Settlement Agreement confidential. To that end, the Parties respectfully request approval to present the Confidential Settlement Agreement to the Court, in its written and executed form, for an *in camera* review, in order to protect the confidential nature of the agreement. By allowing an *in camera* review, the Court can consider the agreement and still protect the confidentiality that the Parties bargained for.

10. Many judges in the Southern District have permitted parties in an FLSA settlement to submit confidential settlement agreements for an *in camera* review and/or to submit the agreements for review via other methods, without having to publicly file the agreements in the case docket. *See e.g., Garcia v. M & R Distributors, Int'l, Inc.,* Case No. 1:12-cv-24357-Martinez (Dkt. No. 19, 3/13/13 Paperless Order granting motion requesting *in camera* review of FLSA settlement agreement); *Singh v. H&R Block Eastern Enterprises,* Case No. 1:11-cv-20954-Scola (Dkt. No. 35, 4/10/12 Order granting motion requesting *in camera* review of FLSA settlement agreement); *Franco v. RailWorks Track Systems, Inc.,* Case No. 10-23647-cv-Ungaro (Dkt. No. 30, 6/17/11 Order approving FLSA settlement agreement after *in camera* review); *Graham v. Flextronics America, LLC,* Case No. 10-cv-61947-Cohn (Dkt. No. 25, 2/24/11 Final Order of Dismissal approving FLSA settlement agreement after *in camera* review); *Jones v. Family Dollar Stores of Florida, Inc.,* Case No. 09-22001-cv-Cooke (Dkt. No. 11, 9/2/09 Endorsed Order granting motion requesting *in camera* review of FLSA settlement agreement); *Isidor v. TB Isle Resort, LP*, Case No. 08-20156-cv-Gold (Dkt. No. 16, 3/31/08 Order approving

FLSA settlement agreement after *in camera* review); *see also Badgett, et al. v. Dollar Tree Stores,* Case No. 0:10-cv-61617-Jordan (Dkt. No. 123, 9/26/11 Order allowing parties to file redacted copy of FLSA settlement agreement and to send unredacted copy to chambers for *in camera* review); *Reyes v. Swire Brickell Key Hotel, Ltd.,* Case No. 08-22806-cv-Moore (Dkt. No. 32, 2/28/09 Paperless Order directing parties to file FLSA settlement agreement under seal if they intend to keep the agreement confidential); *Gonzalez v. ABM Janitorial Services-Southeast, LLC,* Case No. 08-22919-cv-Moreno (Dkt. No. 17, 2/19/09 Order granting leave to file FLSA settlement agreement under seal). A copy of each order is attached as Exhibit 1.

11. The Parties have therefore submitted the Confidential Settlement Agreement to the Court, contemporaneously with the filing of this Joint Motion, for *in camera* review.

12. The Parties further stipulate to the dismissal of the instant action in its entirety, with prejudice, after the Court has reviewed and approved the settlement agreement.

**WHEREFORE**, the Parties respectfully request that the Court review the Confidential Settlement Agreement in a manner that protects its confidential nature, and then enter an Order approving the terms of the settlement of the instant action, and dismissing this action in its entirety, with prejudice, but retaining jurisdiction, as necessary, to enforce the Confidential Settlement Agreement entered into by the Parties.

\* \* \* \*

Dated this 7th day of December 2017.

| | |
|---|---|
| **SAENZ & ANDERSON, PLLC** | **Gunster Yoakley & Stewart P.A.** |
| 20900 N.E. 30th Avenue, Suite 800 | 600 Brickell Avenue - Suite 3500 |
| Aventura, Florida 33180 | Miami, FL 33131 |
| Telephone: (305) 503-5131 | Tel: (305) 376-6000 |
| Facsimile: (888) 270-5549 | Fax: (305) 376-6010 |
| | |
| */s/ Julisse Jimenez* | */s/ Jorge Zamora, Jr.* |
| Martin Saenz | Jorge Zamora, Jr. |
| Florida Bar No. 640166 | Florida Bar No.: 0094713 |
| E-mail: msaenz@saenzanderson.com | E-mail: jzamora@littler.com |
| Julisse Jimenez | |
| Florida Bar No. 65387 | Counsel for Defendants |
| E-mail: julisse@saenzanderson.com | |
| | |
| Counsel for Plaintiffs | |

WPB_ACTIVE 8244450.1